## ANDREW KENNEDY *v.* JOSEPH SHILTON.

An order of reference is not appealable when made in a case which the court is authorized to refer, and when it rests in the discretion of the court to grant or withhold the reference.

In an action to dissolve a partnership, and procure an accounting between the partners, an averment in the answer, that on a specified day the accounts were settled and adjusted between the partners, and they had not taken any new contracts since, does not raise an issue which makes it improper to send the cause to a referee. Conceding the allegation to be true, as the partnership did not then terminate, the plaintiff is entitled to an accounting from the time specified.

APPEAL by defendant from an order of reference. The facts are stated in the opinion of the court.

*Knox & Mason*, for the appellant.

I. The action is not referable, under the Code, without the consent of parties. Code, § 271. 1. The trial of the issues of fact, in this action, does not require the examination of a long account on either side.

The only issues of fact (in addition to those on the decision of which depends the question whether or not the plaintiff is entitled to an injunction and receiver) are :

a. Whether they were general copartners in trade ?

b. Whether property was bought in the individual name of the defendant, with funds of the firm ?

c. Whether the books were kept by the defendant ?

d. Whether the copartnership profits amounted to $30,000 ?

e. Whether the plaintiff advanced $7,000 ?

*f.* Whether the defendant has refused to allow the plaintiff to examine the books? Of these, the 4th and 5th issues are met by the allegations of the answer of a settlement of the account. That issue must be tried before it can be determined whether the account is to be taken. *Graham* v. *Golding*, 7 How. P. R. 260 ; *Keeler* v. *Poughkeepsie Plankroad Co.*, 10 ibid. 11. 2. The taking and stating of an account is not necessary for the information of the court before judgment. Code, § 271, subd. 2. 3. It may become necessary, *after* judgment, for the purpose of carrying it into effect ; this necessarily involves the judgment of the court upon the issues *before* the account is taken.

II. The notice of motion, in this cause, was for a reference of the cause, to " hear, try and decide the same." The order was, that " the issues be referred, to hear, try and decide the same." Those issues involve the questions stated under the 1st point, and also whether the defendant, on a final hearing, should be enjoined from disposing of property standing in his individual name ; and also the question whether, on a final judgment, the receiver should dispose of the property. Such issues clearly are not referable under the Code, excepting by consent. It is not a reference to take and state an account.

III. The question of an accounting and the form and manner of an account, if allowed, depend entirely upon the judgment of the court on the issues as framed. These issues, which are to be first determined by the court, are the issues referred to the referee. The regular and proper order of the case is reversed. The taking of the account is not so necessarily connected with the trial of the issues as to bring this case within the class referred to in *Miller* v. *Kennedy*, 11 How. 173.

IV. If the referee proceeds to try the issues as directed by the order, and nothing else, and he can do nothing else under the terms of the order, the case is taken out of all of the several classes in which the court has power to order a reference without consent.

V. The only proper form of an order of reference (if such an order could be made at all) would be, to try the issues first,

and, if the defendant was liable to account, then to take an account. *Palmer* v. *Palmer*, 13 How. P. R. 365; *Vanzant* v. *Cobb,* 10 ibid. 349.

VI. But the defendant contends that the mere possibility of an account being necessary, under a certain state of facts, will not carry the whole case to a reference. This is one of the cases provided for by subdivision 2 of Code, section 271, which makes a reference proper *after* judgment for the purpose of carrying it into effect. *Graham* v. *Golding,* 7 How. P. R. 260.

*Barker and Whitehead,* for the respondent.

1. No appeal lies from an order granting a reference. *Gray* v. *Fox,* 1 Code Rep. N. S. 334; *Bryan* v. *Brennan,* 7 How. Pr. R. 359; *Dean* v. *Empire Mu. Ins. Co.* 9 ibid. 69. 2. An order of reference affects no substantial right. A substantial right is a fixed, determined right, independent of the discretion of the court. An order of reference is a mere matter of practice, within the discretion of the court. *Tallman* v. *Hinman,* 10 Pr. Rep. 90. 3. This is a proper order within the jurisdiction of the court, and properly made. Code of 1855, § 271, sub. 1. It appears by the pleadings that the trial will require the examination of a long account. 4. The account is the only thing to be taken, the partnership being admitted. 5. The allegations of investment of joint funds in real estate are made merely for purpose of injunction. 6. An issue which involves a long account may be referred, notwithstanding the action is founded on fraud. *Sheldon* v. *Wood,* 1 Code Rep. N. S. 118, *per* Mason, J.; see *Graham* v. *Golding,* 7 Pr. R. 260.

HILTON, J.—In March, 1850, as appears by the complaint, the plaintiff and defendant became general partners in contracting as masons and builders, and which partnership the plaintiff now asks to have dissolved for reasons stated, and that an accounting shall be had and taken of the joint affairs and business, under the direction of the court. The defendant having answered, the court, at special term, ordered that the issues in the

action be referred to a referee, to hear and determine the same. From this order the defendant appeals, and insists, that because in his answer he alleges, " that at or about the first day of January, 1852, the copartnership accounts of Kennedy & Shilton, as between the two partners, were adjusted and settled, and since that they have not taken any new contracts," the issue thus presented must be first tried and determined before an accounting can be ordered, or a reference had for the purpose of taking the account between the partners.

This, however, is a mistaken view of the effect of such an averment, because, conceding the fact to be as alleged, still the plaintiff would be entitled to have an accounting ordered from the time the accounts were so settled and adjusted.

The case is clearly one which the court, at special term, was authorized to refer; and it rested in the discretion of the court to grant or withhold the reference. Code, § 271. Such an order does not involve the merits of the action, nor affect a substantial right, and there is no authority for its review upon appeal, when it is made in a case like the present. Code, § 349; *Dean* v. *Empire State Mutual Ins. Co.*, 9 How. Prac. R. 69; *Bryan* v. *Brennan*, 7 ibid. 359; *Tallman* v. *Hinman*, 10 ibid. 89.

Appeal dismissed.